IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| *CAMICO MUTUAL INSURANCE COMPANY,* | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| *J.D. ROSEN C.P.A, P.A.,*<br>**Serve At:**<br>**11300 Tomahawk Creek Pkwy. #205**<br>**Leawood, KS** | ) ) ) ) ) ) | |
| *JEFFREY D. ROSEN,*<br>**Serve At:**<br>**15244 Linden St.**<br>**Leawood, Kansas** | ) ) ) ) ) ) | Cause No. 17-cv-2228 |
| *JAMES MIRABILE, M.D., Individually and as Trustee of James Mirabile, M.D., P.A. Money Purchase Pension Plan & Trust P.A. and Trustee of James Mirabile, M.D., P.A. Profit Sharing Plan & Trust*<br>**Serve At:**<br>**3755 W. 117th Ter.**<br>**Leawood, Kansas** | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## <u>COMPLAINT FOR DECLARATORY JUDGMENT</u>

COMES NOW, CAMICO Mutual Insurance Company ("CAMICO"), by and through its

attorneys, Sandberg Phoenix & von Gontard P.C., and for its Complaint for Declaratory

Judgment pursuant to Rule 57 and 28 U.S.C. § 2201, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      CAMICO is an insurance company incorporated under the laws of the State of California with its principal place of business in the State of California.  It is duly authorized to issue policies of insurance in the State of Missouri.

2.      Defendant Jeffery D. Rosen is a Kansas citizen and resides in Leawood, Kansas.

3.      Defendant J.D. Rosen, C.P.A., P.A. is organized under Kansas law with its principal place of business located in Johnson County, Kansas.  (Defendants Jeffery D. Rosen and J.D. Rosen, C.P.A., P.A. are collectively referred to as "Rosen").

4.      Defendant James Mirabile, M.D. is a citizen of the State of Kansas and resides in Leawood, Kansas.

5.      Defendant James Mirabile, M.D. a citizen of the State of Kansas, serves as trustee of James Mirabile, M.D., P.A., Money Purchase Pension Plan & Trust (the "Pension Trust").

6.      Defendant James Mirabile, M.D. a citizen of the State of Kansas, serves as trustee of James Mirabile, M.D., P.A., Profit Sharing Plan & Trust (the "Profit Trust") (the Pension Trust and Profit Trust are collectively referred to as the "Plans").

7.      There is a current case and controversy between the parties to this action.  This Complaint for Declaratory Judgment is initiated pursuant to Rule 57 and the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201, to obtain a declaration of CAMICO's legal obligations under an insurance policy issued to J.D. Rosen, C.P.A., P.A.

8.      This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because:

      a.   It is a civil action between citizens of different states, in that:

            i.   Plaintiff CAMICO is a citizen of the State of California;

ii. Defendant J.D. Rosen, C.P.A., P.A., is a business entity organized under Kansas law with its principal place of business located in Kansas;

iii. Defendant Jeffery D. Rosen is a citizen of the State of Kansas;

iv. Defendant James Mirabile, M.D., both individually and as trustee of the Pension Plan and Trust, is a citizen of the State of Kansas.

b. The amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper the United States District Court for the District of Kansas under 28 U.S.C. § 1391(b)(1) and because all defendants are citizens of the State of Kansas and defendants Jeffery D. Rosen, C.P.A., P.A. and James Mirabile, M.D. reside in the jurisdiction of the United States District Court for Kansas.

## **FACTUAL BACKGROUND**

**Insurance Policy**

10. CAMICO issued a claims made and reported Accountants Professional Liability Insurance Policy, policy number KSL109795-00, to J.D. Rosen, C.P.A., P.A. for the period of February 28, 2012 through May 28, 2013, with a retroactive date of February 28, 2012 (the "Policy"). The Policy was endorsed to provide *Extended Reporting Coverage* for the period of May 28, 2013 through May 28, 2016.

11. The Policy's retroactive date is February 28, 2012.

12. A true, accurate and complete copy of the Policy, its Declarations, and Endorsements, is attached as Exhibit 1.

**Rosen's Services**

13. The Plans were established in or about 2008.

8384523.1

14.     Upon information and belief, Rosen was the administrator of the Plans from when they were established until the middle of 2014.

15.     Upon information and belief, Rosen provided advice and accounting services to Dr. Mirabile, individually and as trustee of the Plans, regarding the Plans for the period of 2008 through 2016.

**Underlying Claim**

16.     On December 29, 2016, Rosen notified CAMICO that Dr. Mirabile, individually and as trustee of the Plans, had made a claim arising from Rosen's advice and accounting services relating to the Plans.  Dr. Mirabile, individually and as trustee of the Plans, claimed to have suffered more than $650,000 in damages (the "Claim") from Rosen's alleged negligence.

17.     At no time before December 29, 2016, had CAMICO received notice of a claim or potential claim from Rosen regarding any purported advice and accounting services provided to Dr. Mirabile relating to the Plans.

18.     At no time before December 29, 2016, had CAMICO received notice of a claim or potential claim from Dr. Mirabile, individually and as trustee of the Plans, regarding any purported advice and accounting services provided to him by Rosen relating to the Plans.

19.     On January 5, 2017, CAMICO informed Rosen there was no coverage for the Claim because the Policy's *Extended Reporting Coverage* expired on May 28, 2016, and the Claim had been first reported to CAMICO on December 29, 2016.

20.     On April 4, 2017, CAMICO received a time-limited demand from an attorney representing Dr. Mirabile to resolve the Claim.  The time-limited demand was accompanied by a draft Petition for Professional Negligence and Breach of Fiduciary Duty directed to Rosen (the "Lawsuit").  A true, complete and accurate copy of the Lawsuit is attached as Exhibit 2.

21.    Dr. Mirabile's Lawsuit alleges a claim for Professional Negligence and Breach of Fiduciary Duty against Rosen arising from Rosen's alleged advice and accounting services relating to the Plans from 2008 until at least 2014.  (Exhibit 2, generally).

22.    The Lawsuit alleges Dr. Mirabile, individually and as trustee of the Plans, suffered at least $550,000 in damages and seeks recovery of punitive damages.  (Exhibit 2, ¶ 17 and 23, and prayers for relief).

23.    The Lawsuit seeks recovery of "emotional distress, anxiety and fear" in Count II. (Exhibit 2, ¶ 23(f)).

## CLAIM SEEKING DECLARATION OF NO COVERAGE

24.    The Policy states, in part, the following:[1]

\* \* \*

### NOTICE

This insurance policy is a "claims made and reported" policy.  This insurance applies only to *Claims* that are first made and reported to the Company during the *Policy Period*, or that are first made and reported to the Company during an *Extended Reporting Coverage* period, if purchased.

This policy does not cover prior acts unless specifically included.  The Company will not indemnify or defend *Claims* arising from acts, errors or omissions which occurred prior to the policy's *Retroactive Date*.

\* \* \*

This policy contains additional restrictions on coverage. Please review this policy carefully, including the Declarations and all endorsements.

\* \* \*

## I.    Insuring Agreements

### A.    Coverage for *Damages* and Reporting Requirements

---

[1] All italicized terms are defined words or phrases in Article IV. Definitions of the Policy.

8384523.1

The Company will pay those sums that an *Insured* becomes legally obligated to pay as *Damages* because of a *Claim* arising out of an *Insured's* negligent act, error or omission in rendering or failing to render *Professional Services* performed after the *Retroactive Date* and before the end of the last *Policy Period.* The *Claim* must first be made against the *Insured* and reported to the Company during the *Extended Reporting Coverage* Period as defined in the *Extended Reporting Coverage* Declarations. An act, error or omission which is continuing in nature shall be deemed to have occurred only on the date on which that act, error or omission began and not on any subsequent date. *Multiple Acts, Errors or Omissions* shall be deemed to have occurred on the date that the earliest of those acts, errors or omissions began. A *Claim* is deemed made and reported to the Company on the date the first of the *Multiple Acts, Errors or Omissions* forming the *Claim* is reported to the Company.

The *Extended Reporting Coverage* does not cover: (1) any *Claims* reported to any insurer prior to the effective date of the *Extended Reporting Coverage*, or (2) any *Claims* arising from circumstances which, prior to the effective date of the *Extended Reporting Coverage*, any *Insured* might reasonably expect would be the basis for a *Claim*.

\* \* \*

## VI.    POLICY CONDITIONS

### A.    *Insured's* Duties Upon Notice of *Claim* or *Potential Claim*

As a condition precedent to coverage, an *Insured* must:

1.    Promptly notify the Company or its authorized representative of any *Claim* or *Potential Claim*, and include the following information, if available:

   (a)    The name and address of the claimant or potential claimant, and all other involved individuals;

   (b)    A description of the *Professional Services* provided, or that should have been provided, and the *Damages* that may result;

   (c)    The *Insured's* explanation of why the *Claim* was made or why the *Potential Claim* may become a *Claim*.

2.    Upon receipt of a *Claim*: (i) immediately send to the Company copies of any demands, notices, summonses or legal papers received in connection with the *Claim*; (ii) authorize the Company to obtain records and other information; and (iii) cooperate with the Company in the investigation, defense, and settlement of the *Claim*.

\*\*\*

8384523.1

(Exhibit 1, p. 3, 12 and 24).

25.    The allegations of Mirabile's Claim and Lawsuit do not give rise to a *Claim* that is potentially covered by the Policy because:

       a.    The *Claim* (i.e. Mirabile's Claim) was not timely reported to CAMICO because the Policy's *Extended Reporting Coverage* expired on May 28, 2016, and the Claim was first reported to CAMICO on December 29, 2016; and/or

       b.    The *Claim* (i.e. Mirabile's Claim) does not arise out of *Professional Services* performed after the Policy's *Retroactive Date* (i.e. 02/28/2012) in that:

           i.    The claims asserted in Mirabile's Claim and Lawsuit are based on alleged advice and accounting services provided by Rosen from 2008 until at least 2014.

           ii.    Any "act, error or omission" purportedly resulting from Rosen's *Professional Services* for the Plans constitute *Multiple Acts, Errors or Omissions* under the Policy; and, therefore, under the Insuring Agreements in Article I, any alleged "negligent act, error or omission" in rendering *Professional Services* is deemed to have occurred in 2008 – before the Policy's *Retroactive Date* (*i.e.* 02/28/2012).

       c.    The *Claim* (i.e. Mirabile's Claim) does not arise out of *Professional Services* performed after the Policy's *Retroactive Date* (i.e. 02/28/2012) and before the end of the last *Policy Period* (i.e. 5/28/2013) in that:

8384523.1

i.    The claims asserted in Mirabile's Claim and Lawsuit are based on alleged advice and accounting services provided by Rosen from 2008 until at least 2014.

26.    The Policy states, in part, the following:

### III.    EXCLUSIONS

This policy does not apply to:

\*\*\*

(b)    Bodily Injury/Property Damage: Any *Claim based on or arising from* Bodily Injury or *Property Damage* . . .

\*\*\*

(h)    Punitive or Exemplary Damages:    Indemnity of any punitive or exemplary damages, fines, sanctions, penalties or multiplied damages (whether doubled, trebled or otherwise), unless required by law.

\*\*\*

(Exhibit 1, p. 8 and 9)

27.    In the alternative, even if the Policy provides coverage for Mirabile's Claim or Lawsuit:

a.    There is no coverage for any "emotional distress, anxiety and fear" sought by Dr. Mirabile, individually or as trustee of the Plans, because such alleged damages are excluded from coverage by the Policy's "Bodily Injury/Property Damage" exclusion (Exhibit 1, Paragraph (b) of Article III. Exclusions); and/or

b.    There is no coverage for any punitive damages because the Policy excludes coverage for "punitive damages," and "punitive damages" do not

8

fall within the Policy's definition of *Damages* (<u>Exhibit 1</u>, Paragraph (h) of Article III. Exclusions and Paragraph (e) of Article IV. Definitions).

WHEREFORE, plaintiff CAMICO Mutual Insurance Company respectfully requests judgment be entered as follows:

a.    For a declaration there is no coverage for Mirabile's Claim or Lawsuit because the *Claim* was not first reported to CAMICO during the *Extended Reporting Coverage* period, and CAMICO has no duty to (1) provide a defense to Rosen or (2) to indemnify Rosen or any other party for any judgment or settlement resulting from the Mirabile's Claim or Lawsuit;

b.    For a declaration the allegations in Mirabile's Claim are not covered by the Policy because the *Claim* does not arise out of *Professional Services* performed after the Policy's *Retroactive Date* of February 28, 2012, and CAMICO has no duty to (1) provide a defense to Rosen or (2) indemnify Rosen or any other party for any judgment or settlement resulting from Mirabile's Claim or Lawsuit;

c.    For a declaration the allegations in Mirabile's Claim are not covered by the Policy because the *Claim* does not arise out of *Professional Services* performed between the Policy's *Retroactive Date* of February 28, 2012, and the last *Policy Period* of May 28, 2013, and CAMICO has no duty to (1) provide a defense to Rosen or (2) indemnify Rosen or any other party for any judgment or settlement resulting from Mirabile's Claim or Lawsuit;

8384523.1

d.     In the alternative, even if the Policy provides coverage for one or more theories of Mirabile's Claim or Lawsuit, for a declaration the Policy does not provide coverage for any claims of "bodily injury" or punitive damages; and

e.     Such other and further relief as the Court deems just and proper.

SANDBERG PHOENIX & von GONTARD P.C.

By:     _/s/ Meghan E. Lewis_
Meghan E. Lewis, #24453
4500 Madison Avenue, Suite 1250
Kansas City, MO 64112
816-627-5332
816-627-5532 (Fax)
mlewis@sandbergphoenix.com

Attorneys for Plaintiff,
***CAMICO Mutual Insurance Company***

10

8384523.1