IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAMICO MUTUAL INSURANCE )
COMPANY, )
 )
                Plaintiff, )
 )
v. ) Case No. 17-2228-JWL
 )
J.D. ROSEN C.P.A., P.A.; )
JEFFREY D. ROSEN; and )
JAMES MIRABILE, M.D., )
 )
                Defendants. )
 )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendants' motions to dismiss (Doc. ## 25, 26). The Court agrees that it should, in its discretion, decline to exercise jurisdiction in this declaratory judgment action. Accordingly, the Court **grants** the motions, and it dismisses the action.[1]

**I.    Background**

Plaintiff CAMICO Mutual Insurance Company ("CAMICO"), a California insurer, issued a professional liability insurance policy to J.D. Rosen C.P.A., P.A., an

_____

[1]After the present motions had been briefed, plaintiff moved to amend its complaint. The proposed amendments would not affect the outcome of this motion; accordingly, the motion to amend (Doc. # 42) is denied as moot.

accounting firm. In December 2016, the insured and its principal, Jeffrey Rosen (collectively "Rosen"), notified CAMICO that a claim had been made against them by James Mirabile. Dr. Mirabile, a physician, had been the subject of a Department of Labor (DOL) investigation relating to two employee benefit plans, which resulted in the entry of a consent judgment against Dr. Mirabile in this Court in December 2016. CAMICO declined coverage for Dr. Mirabile's claims against Rosen. On April 4, 2017, CAMICO received a demand from Dr. Mirabile that included a draft petition for a lawsuit against Rosen in the Circuit Court for Jackson County, Missouri, and CAMICO again declined coverage.

On April 20, 2017, CAMICO filed the instant action against Rosen and Dr. Mirabile (individually and as trustee of the two employee plans). CAMICO seeks a declaratory judgment to the effect that Dr. Mirabile's claims against Rosen are not covered under the policy.

After CAMICO declined coverage, Dr. Mirabile and Rosen agreed to binding arbitration of the claims and further entered into a non-execution agreement under Missouri law to limit the exposure of Rosen's assets. The arbitration was conducted on May 12, 2017, in Missouri. On May 26, 2017, the arbitrator issued his decision, by which he awarded damages to Mr. Mirabile in the total amount of $4,852,825. On June 27, 2017, the Jackson County Circuit Court issued an order and judgment confirming the award against Rosen.

Dr. Mirabile and Rosen filed the instant motions to dismiss on July 10, 2017.

Those motions anticipated the filing by Dr. Mirabile in the Missouri court a garnishment action against Rosen and CAMICO under Missouri law, which action would be filed once the requisite 30 days had passed since the confirmation of the arbitration award. Rosen also stated that it intended to assert cross-claims against CAMICO in the Missouri action. In their reply brief, filed on August 11, 2017, defendants confirmed that the garnishment action against CAMICO had indeed been filed in the Missouri court.

**II.     Analysis**

In seeking dismissal, defendants argue that the Court should exercise its discretion to decline jurisdiction over this declaratory judgment action in light of the action against CAMICO in the Missouri state court, in which any issues concerning coverage under the policy would be addressed. The federal Declaratory Judgment Act confers on district courts "'unique and substantial discretion' in determining whether to declare the rights of litigants when duplicative state proceedings exist." *See United States v. City of Las Cruces*, 289 F.3d 1170, 1179-80 (10th Cir. 2002) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995)). In *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), the Supreme Court set forth a few relevant factors as follows:

> Where a district court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can

3

satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

*See id.* at 495; *accord City of Las Cruces*, 289 F.3d at 1186-87 (listing *Brillhart* factors).

The Tenth Circuit has adopted a list of five factors (the *Mhoon* factors) to be evaluated:

[1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; [4] whether use of declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*City of Las Cruces*, 289 F.3d at 1187 (brackets in original) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)). The parties agree that the Court should consider the *Brillhart* and *Mhoon* factors in deciding defendants' motions to dismiss this case.

In opposing the motions, CAMICO argues that *Brillhart* recommends accepting jurisdiction here because it is not subject to personal jurisdiction in the Missouri court. CAMICO argues that it is not subject to specific jurisdiction in Missouri because it has not had the requisite "minimum contacts" with that state to satisfy due process.[2] CAMICO notes that it insured a Kansas resident (Rosen) who provided services for another Kansas resident (Dr. Mirabile). CAMICO has failed to address, however, the

---

[2] Because CAMICO has not argued that jurisdiction fails under the Missouri long-arm statute or under the reasonableness prong of the due process analysis, the Court has not addressed those requirements for jurisdiction.

4

facts that its policy imposed on it a duty to defend and settle covered claims; that that duty applied to claims made anywhere in the world; that Dr. Mirabile provided notice that it intended to assert claims against the insured in a Missouri court; that Dr. Mirabile won an arbitration award in Missouri; that the arbitration decision indicated that some of the negligent acts took place in Missouri and harmed Missouri residents; and that Dr. Mirabile subsequently obtained a judgment against the insured in a Missouri court. The federal circuit courts appear to be unanimous in concluding that the minimum-contacts standard is satisfied against an insurer with respect to coverage of legal claims asserted in the forum state in such circumstances. *See, e.g.*, *TH Agriculture & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1291 (10th Cir. 2007); *McGow v. McCurry*, 412 F.3d 1207, 1215 (11th Cir. 2005); *Ferrell v. West Bend Mutual Ins. Co.*, 393 F.3d 786, 791 (8th Cir. 2005); *Payne v. Motorists' Mutual Ins. Cos.*, 4 F.3d 452, 455-56 (6th Cir. 1993); *Farmers Ins. Exch. v. Portage La Prairie Mutual Ins. Co.*, 907 F.2d 911, 914 (9th Cir. 1990); *Rossman v. State Farm Mutual Auto. Ins. Co.*, 832 F.2d 282, 286-87 (4th Cir. 1987); *Eli Lilly & Co. v. Home Ins. Co.*, 794 F.2d 710, 720-21 (D.C. Cir. 1986). In the absence of contrary authority, this Court cannot presume that the Missouri state court would reach a different conclusion. Thus, although the Court does not *decide* the issue of the Missouri court's jurisdiction over CAMICO, it does, for purposes of considering the *Brillhart* factors, reject CAMICO's argument that a lack of minimum contacts will preclude the exercise of jurisdiction over it in the pending Missouri case.

The Court concludes that the relevant factors weigh in favor of allowing the state

5

court to resolve all of the parties' claims in one action under Missouri law. *See Mid-Continent Cas. Co. v. Greater Midwest Builders, Ltd.*, 2011 WL 5597329 (D. Kan. Nov. 17, 2011) (weighing *Mhoon* factors to reach the same conclusion in a similar case), *aff'd sub nom Mid-Continent Cas. Co. v. Village at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977 (10th Cir. 2012) (district court acted within its discretion in declining jurisdiction). The coverage issues raised in this action will necessarily be decided in the action on the policy in the Missouri court, and the present action will not necessarily dispose of defendants' affirmative claims against CAMICO. CAMICO argues that defendants could assert those claims as counterclaims in the present declaratory judgment action, but it has not shown that defendants cannot pursue those claims in Missouri. Thus, the present action does not eliminate the possibility of duplicative (and potentially inconsistent) proceedings in different courts, which thus tilts the balance of the *Brillhart* and *Mhoon* factors in defendants' favor. *See id.*

CAMICO also argues that the policy must be interpreted in accordance with Kansas law, not Missouri law, under either state's choice-of-law principles. That fact does not weigh in favor of accepting jurisdiction, however, as Dr. Mirabile's garnishment action is brought pursuant to Missouri statute, and either court can ably apply Kansas law to interpret the policy.

Finally, CAMICO argues that the third *Mhoon* factor weighs in its favor because

6

defendants have engaged in "procedural fencing" in this case.³ The Court does not agree. Dr. Mirabile did not delay unreasonably after the DOL judgment in making his demand on CAMICO and then in conducting an arbitration and obtaining a judgment in a very short time period (and then waiting the required 30 days to bring the action against CAMICO). To the contrary, any "racing" was done by CAMICO, who filed in this Court shortly after receiving a draft complaint from Dr. Mirabile for an action in Missouri state court.⁴

Thus, the Court concludes that the relevant factors weigh in defendants' favor, and the Court, in its discretion, declines to exercise jurisdiction over CAMICO's declaratory judgment action. The Court therefore grants the motions to dismiss this action.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motions to dismiss (Doc. ## 25, 26) are hereby **granted**, and this action is dismissed accordingly.

IT IS SO ORDERED.

---

³Under this factor, the motives of all parties may be considered. *See Mid-Continent*, 685 F.3d at 984-85.

⁴As explained in *Mid-Continent*, the "first-to-file" rule does not apply in this case involving a suit in federal court and another in state court, and any considerations of timing are best addressed under the fourth *Mhoon* factor. *See Mid-Continent*, 685 F.3d at 985-86. The present action in this Court creates a risk of interference with the Missouri court, in light of the claims that will be resolved in that court, and this factor therefore weighs in favor of dismissal here.

Dated this 1st day of September, 2017, in Kansas City, Kansas.

                                             s/ John W. Lungstrum
                                             John W. Lungstrum
                                             United States District Judge